Arnold L. Fein, J.
Motion by defendant, pursuant to CPLR 5019, to modify the judgment so as to correct the rate of interest is granted. Upon trial, plaintiff was awarded judgment of $6,930 with interest, which the clerk computed at the rate of 6% from May, 1963 to June 30, 1968, at 7%% from July 1, 1968 to February 15, 1969, and at 7%% from that date to the date of judgment. Defendant claims it is a public corporation and that the legal interest rate against it is limited to 4%, pursuant to chapter 585 of the Laws of New York, 1939.
Defendant meets all the requirements of a “ public corporation ”, It was created by compact between the States of New York and New Jersey, enacted by their respective Legislatures, and approved by Congress. It is governed by a commission composed of six Commissioners appointed by each of the two State Governors. In Commissioner of Internal Revenue v. Shamberg’s Estate (144 F. 2d 998, cert. den. 323 U. S. 792) the Circuit Court of Appeals reviewed at length the history and powers of defendant, stating at page 1000: “ The port authority shall be regarded as the municipal corporate instrumentality of the two states ”. At page 1003, the court listed some of the characteristics which' evidenced its nature as a public corporation, e.g., members of the Authority’s uniformed police force are designated as regular police and peace officers in both States, its property and bonds are tax exempt, it has the power of condemnation, and its employees may join the New York State Retirement System.
Chapter 585 of the Laws of New York, 1939 defines: “ The term (public corporation ’ as used in this act shall mean and include every corporation created for the construction of public improvements * * * and possessing both the power to *437 contract indebtedness and the power to collect rentals, charges, rates or fees for services or facilities furnished or supplied.”
Defendant, as a public corporation, is subject to an interest charge limited to the rate of 4%.